LARSEN *v.* LARSEN.

WORK AND LABOR—CLAIM FOR INADEQUATE PAY UNDER ORAL CON-
TRACT SUPERSEDED BY WRITTEN CONTRACT.

In action for services under oral contract which had been super-
seded by written contract, where it was admitted that nothing
was due under written contract, and claim was based on *quan-
tum meruit* for inadequate pay for services rendered under oral
contract, verdict of no cause of action was justified.

Error to Grand Traverse; Gilbert (Parm C.), J.
Submitted January 10, 1930. (Docket No. 88, Cal-
endar No. 34,291.) Decided March 7, 1930.

Assumpsit by Lauritz C. Larsen and another
against Christian M. Larsen for services. From a
judgment for defendant, plaintiffs bring error. Af-
firmed.

*J. W. Patchin* and *Harold Richardson,* for plain-
tiffs.

*Charles R. Robertson,* for defendant.

BUTZEL, J. Lauritz C. Larsen and Maren Larsen,
his wife, plaintiffs, brought a suit against Christian
M. Larsen, defendant, to recover on a verbal agree-
ment entered into on May 1, 1917. Plaintiffs claim
that defendant owned a large tract of land border-
ing on Elk Lake, Grand Traverse county, Michigan;
that defendant verbally agreed with them that in
consideration of their looking after the erection of
a hotel and other improvements on the property,
and the operation and management thereof, they

should receive as their compensation one-third of the net profits from the operation of the hotel and the farm adjacent thereto, and also room and board in the hotel for themselves and their family; that defendant further agreed that in the event he should predecease plaintiffs, they would, upon his death, become entitled to a one-third interest in and to all of the hotel and farm property and all of the buildings and improvements thereon and all personal property connected therewith. Plaintiffs further claim that on December 30, 1921, a new contract, in writing, was entered into and that it superseded the verbal contract of May 1, 1917. The new agreement provided that, in consideration of their running the hotel, plaintiffs were to receive their rent and board, including table supplies from such products as were raised on the farm, and also one-third of the profits from the hotel until they amounted to $3,000 a year, and then one-half of the excess over said amount. The written agreement made no mention of plaintiffs' inheriting a one-third interest in the property should defendant predecease them.

The plaintiffs remained on the property until 1926. They concede that there is nothing due them under the written contract, and that it superseded the verbal contract, which, they claimed, would have entitled them to one-third of the property in the event of defendant's death prior to theirs. They claim, however, that inasmuch as defendant did not accelerate the time at which they would become entitled to one-third of the property in the event of his death (inasmuch as he is still living), they should be entitled to some extra compensation for the time they looked after the hotel property prior to entering into the written contract on December 30, 1921. They set forth the verbal contract and the written

contract and also the common counts in their declaration.  At the trial of the case they based their entire claim on a *quantum meruit* for services prior to entering into the written contract and for which they claim they received inadequate pay.

It is admitted that the profits were negligible during the period that the verbal contract was in force.  The testimony shows that defendant, who is a brother of Lauritz C. Larsen, furnished moneys for plaintiffs and their family to emigrate to this country from Denmark; that he furnished a home for them upon their arrival here; that he assisted them in various ways after their arrival; that he invested over $60,000 in the enterprise; that it was considered a joint enterprise in which plaintiffs were to be paid solely out of the profits; that notwithstanding the fact that the profits were very small under plaintiffs' sole management, they nevertheless received from defendant $1,400 at one time in order to make a trip to Denmark, and that they also took other sums from the hotel receipts.

We find no basis whatsoever for any claim on the part of plaintiffs.  Defendant filed a set-off for a large sum of money, but stated during the course of the trial that he did not care to press it.  The case was tried without a jury.  It only involves questions of fact, a more detailed statement of which would be of no benefit to the profession.

Upon reading the record, we find that the circuit judge had no other alternative but to render a judgment of "No cause of action" upon the conclusion of plaintiffs' testimony.  This he did.  The judgment is affirmed, with costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.